## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE, )
)
v. )    ID No. 1503014825
)
CARLOS HERNANDEZ, )
)
Defendant. )

## ORDER

**AND NOW TO WIT,** this 29th day of March, 2016, upon consideration of Defendant's Motion to Suppress Evidence;[1] the State's Response;[2] and Defendant's Reply,[3] **IT APPEARS THAT:**

1.  On March 22, 2015, around 1:00 a.m., officers from the New Castle County Police Department ("NCCPD") were called to a shooting at Rogers Manor Park in New Castle County, Delaware. On arrival, the officers found three individuals in a GMC Sierra ("Sierra"), two suffering from gunshot wounds to the head. Later that day, the NCCPD obtained a search warrant for Defendant Carlos Hernandez's ("Hernandez") residence at 136 Stamm Boulevard, New Castle County, Delaware.

2.  Hernandez was arrested on March 25, 2015, along with co-defendants Brandon Kasinath, Kaleef Smyre, Jorge Reza-Ayala, and Joshua Scruggs.

---

[1] D.I. 22.
[2] D.I. 27.
[3] D.I. 33.

Hernandez was indicted by a grand jury on July 6, 2015, for Attempted Murder First Degree, Robbery First Degree, Assault First Degree, Aggravated Menacing, Conspiracy First Degree, Conspiracy Second Degree, twelve counts of Possession of a Firearm During the Commission of a Felony, and Criminal Mischief.

3. Hernandez filed the instant motion to suppress all physical evidence seized from 136 Stamm Boulevard and all statements that he made to police.[4] Hernandez argues that the affidavit of probable cause in support of the search warrant does not contain sufficient facts to support a finding of probable cause because there is no logical nexus between the shooting at Rogers Manor Park and Hernandez or his residence.

4. A search warrant may only be issued upon a showing of probable cause.[5] "An affidavit in support of a search warrant must, within the four-corners of the affidavit, set forth facts adequate for a judicial officer to form a reasonable belief that an offense has been committed and the property to be seized will be found in a particular place."[6] "[A] neutral and detached magistrate may draw reasonable inferences from the factual allegations in the affidavit,"[7] and "[a] magistrate may find probable cause when, considering the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in a particular

---

[4] D.I. 22.
[5] U.S. Const. amend. IV; Del. Const. art. I, § 6; 11 *Del. C.* §§ 2306–2307.
[6] *Sisson v. State*, 903 A.2d 288, 296 (Del. 2006).
[7] *Id.*

place."[8]  On review, the Court must give great deference to the issuing judge's probable cause determination, and the Court's duty "is simply to ensure that the magistrate had a substantial basis for concluding that probable caused existed."[9]

5.  The affidavit of probable cause in support of the search warrant for 136 Stamm Boulevard contains the following facts.  On March 22, 2015, around 1:00 a.m., the NCCPD responded to a shooting at Rogers Manor Park.[10]  On arrival, the officers found Miguel Escobar and Jose Padilla-Gonzales in a Sierra suffering from gunshot wounds to the head.[11]  Escobar and Padilla-Gonzales were immediately transported to the hospital.[12]  A third occupant of the vehicle, Axel Cruz ("Cruz"), was transported to the NCCPD headquarters.[13]  At the scene, the NCCPD observed in plain view a "green leafy substance consistent with marijuana" inside the Sierra and two spent shotgun shell casings near the Sierra.[14]

6.  That same day, Cruz was interviewed by NCCPD Detective Ziemba.[15] Cruz told Detective Ziemba that he, Escobar, and Padilla-Gonzales drove to Rogers Manor Park to meet up with "Brandon K" in order to sell marijuana.[16] Once at Rogers Manor Park, "Brandon K" approached the Sierra with two other

---

[8] *Id.* (internal quotations omitted).
[9] *Id.*
[10] Affidavit of Probable Cause Sheet, attached to Defendant's Motion to Suppress Evidence ¶ 2.
[11] *Id.* ¶¶ 3–5.
[12] *Id.* ¶ 6.
[13] *Id.*
[14] *Id.* ¶ 11.
[15] *Id.* ¶ 7.
[16] *Id.* ¶¶ 7–9.

black males.[17]  A quarrel took place over the marijuana sale and moments later shots were fired into the vehicle.[18]  Through social media Cruz identified "Brandon K" as Brandon Kasinath.[19]  Cruz also identified Brandon Kasinath's younger brother "Daniel" through social medial.[20]

7. On March 22, 2015, Detective Ziemba also interviewed Daniel.[21]  Daniel told Detective Ziemba that he was at Hernandez's residence, 136 Stamm Boulevard, the night before the shooting.[22]  Specifically, Daniel told Detective Ziemba that he was in Hernandez's bedroom and heard his brother Brandon Kasinath having a conversation with two or three unknown males about performing a robbery.[23]  Daniel also stated that the next morning he spoke to Hernandez on the phone, and Hernandez told Daniel that he was awakened early that morning by several males being loud in his house.[24]  Detective Ziemba then spoke with Hernandez.[25]  Daniel identified the Carlos Hernandez that Detective Ziemba made contact with as being the same Carlos Hernandez he had spoken to on the phone and whose residence he was at the night before the shooting.[26]

---

[17] *Id.* ¶ 8.
[18] *Id.* ¶ 9.
[19] *Id.* ¶ 13.
[20] *Id.* ¶ 14.
[21] *Id.* ¶ 16.
[22] *Id.* ¶¶ 16–17.
[23] *Id.* ¶ 17.
[24] *Id.* ¶ 18.
[25] *Id.* ¶ 19.
[26] *Id.*

4

8. "In determining whether probable cause has been demonstrated, there must be a *logical* nexus between the items sought and the place to be searched."[27] However, "there is no requirement that the owner of the property to be searched or seized is even suspected of criminal activity."[28] The facts averred within the four corners of the affidavit set forth sufficient information from which, under the totality of the circumstances, a neutral magistrate could reasonably conclude that contraband or evidence of a crime would be found at 136 Stamm Boulevard.[29]

9. The issuing magistrate had a substantial basis for concluding that probable cause existed to support the issuance of a warrant for 136 Stamm Boulevard.[30] The affidavit of probable cause indicates that multiple suspects were involved in the shooting at Rogers Manor Park, Brandon Kasinath and Daniel were at 136 Stamm Boulevard the night before the shooting, and Daniel heard Brandon Kasinath having a conversation with two or three other individuals about planning a robbery. Later that night and into the early morning hours of March 22, 2015, the victims went to Rogers Manor Park to sell Brandon Kasinath marijuana.

---

[27] *Dorsey v. State*, 761 A.2d 807, 811 (Del. 2000).

[28] *Id.* at 812–13 ("Probable cause to search and probable cause to arrest are not fungible legal concepts, and each involves a distinctly separate inquiry. The focus of probable cause to search is upon a 'place', i.e., whether contraband or evidence will be found in a particular location. The focus of probable cause to arrest is upon a 'person', i.e., whether a criminal offense has been or is being committed by the person to be arrested.").

[29] *Sisson*, 903 A.2d at 296.

[30] *State v. Holden*, 60 A.3d 1110, 1116 (Del. 2013) ("So long as the issuing magistrate had a substantial basis for concluding that probable cause existed, a reviewing court should not suppress the evidence seized pursuant to that warrant").

Brandon Kasinath approached the Sierra with two other black males. A quarrel then took place over the marijuana sale and moments later shots were fired into the Sierra. Finally, while on the scene the NCCPD observed in plain view a "green leafy substance consistent with marijuana" inside the Sierra and two spent shotgun shell casings near the Sierra.

**NOW THEREFORE**, for the foregoing reasons, Defendant's Motion to Suppress Evidence is **DENIED.**

**IT IS SO ORDERED.**

/s/Jan R. Jurden
Jan. R. Jurden, President Judge